```
                    UNITED STATES BANKRUPTCY COURT

                     EASTERN DISTRICT OF CALIFORNIA

                           SACRAMENTO DIVISION
```

In re:                              )   Case No. 06-24971-B-11
                                    )
BRUCE ALLEN SEYMOUR,                )   Chapter 11.
                                    )
                                    )
        Debtor(s).                  )
                                    )
_____ )
                                    )
                                    )
                                    )   Adv. No. 07-2076-B
ERNEST S. FERGUSON,                 )
                                    )   D.C. No.
        Plaintiff(s),               )
                                    )
vs.                                 )
                                    )
                                    )
BRUCE ALLEN SEYMOUR,                )
                                    )
        Defendant(s).               )
                                    )
_____ )

                 MEMORANDUM ON PLAINTIFF'S MOTION
                FOR ENTRY OF DEFAULT BY PLAINTIFF

Before the court is the Plaintiff's Motion For Entry Of Default By Plaintiff filed October 10, 2007 (Dkt. 16)(the "Ex Parte Motion"). Its title notwithstanding, the Ex Parte Motion actually seeks entry of judgment by default.

The above-captioned bankruptcy case was filed November 27, 2006. The complaint commencing this adversary proceeding was filed April 3, 2007 (Dkt. 1). It contains three claims for relief under 11 U.S.C. § 523(a)(2)(A), (a)(4) and (a)(6).

Federal Rule of Bankruptcy Procedure ("FRBP") 7008,

-1-

incorporating Federal Rule of Civil Procedure ("FRCP") 8(d) provides "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." However, this is a default situation:

> Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment. [FN1] "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." (citations omitted). <u>Geddes v. United Financial Group</u>, 559 F.2d 557, 560 (9th Cir.1977). The district court exceeded the requirements of the rule by taking extensive evidence on all allegations in the complaint including damages.
>
> FN1. Rule 55(b)(2) in pertinent part reads: If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper. . . .

<u>Televideo Systems, Inc. v. Heidenthal</u>, 826 F.2d 915, 917-918 (9th Cir. 1987).

In addition, a party is not entitled to judgment simply because no one opposes. <u>All Points Capital Corp. v. Meyer (In re Meyer)</u>, 373 B.R. 84, 88 (9th Cir. B.A.P. 2007)("...default does not entitle a plaintiff to judgment as a matter of right or as a matter of law.").

The Ex Parte Motion is not accompanied by a memorandum of points and authorities. The Ex Parte Motion itself cites no authorities other than the statutes on which the claims are based; it cites no relevant Ninth Circuit case law on any of the claims for relief.

Ninth Circuit law on 11 U.S.C. § 523(a)(2)(A) is explained in several decisions of the Ninth Circuit Court of Appeals and the Ninth Circuit Bankruptcy Appellate Panel, including without limitation <u>Citibank South Dakota, N.A. v. Dougherty (In re Dougherty)</u>, 84 B.R. 653, 657 (9th Cir. B.A.P. 1988), <u>Citibank South Dakota, N.A. v. Eashai (In re Eashai)</u>, 87 F.3d 1082, 1088 (9th Cir. 1996), <u>American Savings Bank v. Anastas (In re Anastas)</u>, 94 F.3d 1280, 1285 (9th Cir. 1996), <u>American Express Travel Related Services Co., Inc. v. Hashemi (In re Hashemi)</u>, 104 F.3d 1122 (9th Cir. 1997), <u>Household Credit Services, Inc. v. Ettell (In re Ettell)</u>, 188 F.3d 1141 (9th Cir. 1999) and <u>Advanta National Bank v. Kong (In re Kong)</u>, 239 B.R. 815 (9th Cir. B.A.P. 1999).

Ninth Circuit law on 11 U.S.C. § 523(a)(4) is explained in several cases, including without limitation <u>Lewis v. Scott (In re Lewis)</u>, 97 F.3d 1182, 1185 (9th Cir. 1996).

Ninth Circuit law on 11 U.S.C. § 523(a)(6) is explained in several cases, including without limitation <u>Petralia v. Jercich (In re Jercich)</u>, 238 F.3d 1202 (9th Cir. 2001), <u>cert</u>. <u>denied</u>, 533 U.S. 930, 121 S.Ct. 2552, 150 L.Ed.2d 718 (2001), <u>Carrillo v. Su (In re Su)</u>, 290 F.3d 1140 (9th Cir. 2002) and <u>Jett v. Sicroff (In re Sicroff)</u>, 401 F.3d 1101 (9th Cir. 2005).

The Ex Parte Motion addresses none of the foregoing cases. It does not show that Plaintiff is entitled to judgment as a matter of law on any of the claims for relief. It does not present, other than Plaintiff's declaration that merely parrots the averments of the complaint, evidence to show that Plaintiff has been damaged in the amount of $129,000, or any other amount.

For the foregoing reasons, the Ex Parte Motion will be denied without prejudice. The court will issue a separate order.

Dated: NOV 27 2007

*Thomas C. Holman*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

    The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

| | | |
|---|---|---|
| Chad M. Johnson<br>25 Cadillac Dr #200<br>Sacramento, CA 95825 | Bruce Allen Seymour<br>2625 Fair Oaks Blvd #1<br>Sacramento, CA 95864 | US Trustee<br>501 I St #7-500<br>Sacramento CA 95814 |

DATED: 11/28/07        By: /s/ Kelly Villa
                                            Deputy Clerk

EDC 3-070 (New 4/21/00)